**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midland National Life Insurance Company, | No. CV-19-02214-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Gus Niewenhous, et al., | |
| Defendants. | |

Before the Court are: (1) Plaintiff Midland National Life Insurance Company ("Midland National") and Defendants Gus Niewenhous ("Niewenhous") and Kelly Cullum's ("Cullum") Joint Motion for Default Judgment Against Laura Ann Fairbanks as Personal Representative of the Estate of Jason Charles Fairbanks, Deceased (the "Joint Motion for Default Judgment") (Doc. 52); and (2) Midland National's Agreed Motion for Final Judgment in Interpleader (the "Motion for Final Judgment") (Doc. 54). For the reasons that follow, the Motion for Final Judgment will be granted.[1]

**I.     Background**

On April 4, 2019, Midland National filed its Complaint in Interpleader (Doc. 1) and filed its Amended Complaint in Interpleader (Doc. 35) on November 5, 2019 with leave of the Court. Midland National brought this action pursuant to the federal interpleader statute,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. See L.R. Civ. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

28 U.S.C. § 1335, 28 U.S.C. §§ 1397, and 2361, as well as Federal Rule of Civil Procedure 22 to resolve potential competing claims for payment of the death benefit under a life insurance policy, Policy Number ******1655 (the "Policy"). (Doc. 35 at 8–9, ¶¶ 31–32) Midland National issued the Policy on the life of Ann M. Niewenhous (aka Ann M. Fairbanks) (the "Insured") with a Specified Amount of $1,000,000.00. (Doc. 35 at 4, ¶ 9) Jason Charles Fairbanks was the primary beneficiary and the co-equal contingent beneficiaries, with each a 50 percent share of the Policy proceeds, were the Insured's siblings, Niewenhous and Cullum. (Doc. 35 at 4, ¶¶ 10–11)

The Insured and Jason Charles Fairbanks both died of gunshot wounds on November 10, 2017. (Doc. 35 at 4, ¶ 12) On or about November 13, 2017, Midland National was informed that Jason Charles Fairbanks was a suspect in the death of the Insured. (Doc. 35 at 4, ¶ 14) The Scottsdale Police Department investigated the deaths and sent a copy of its Incident/Investigation Report to Midland National, in which a police detective stated his opinion that Jason Charles Fairbanks committed suicide after shooting and killing the Insured. (Doc. 35 at 8, ¶ 29) There has been no conviction against Jason Charles Fairbanks or court determination that he was criminally accountable for the felonious and intentional killing of the Insured under Arizona Revised Statutes ("A.R.S.") § 14-2803 (Arizona's slayer statute). Midland National alleges that it cannot determine, factually or legally, who is entitled to the Policy Proceeds, given the language of several of the Policy's provisions, Sections 3.10 Beneficiary and 3.10.2 Beneficiary Death in Common Event, A.R.S. § 14-2702 regarding a person's survival of an event, and A.R.S. § 14-2803 Arizona's slayer statute. (Doc. 35 at 8–9, ¶¶ 31–32)

On August 19, 2019, Niewenhous and Cullum filed their Answer and Counterclaim Against Midland National. (Doc. 18) Midland National filed its Answer and Affirmative Defenses to the Counterclaim on September 9, 2019. (Doc. 22) Counsel for Niewenhous and Cullum has asserted that they are entitled to share equally in the entire amount of the Policy proceeds based on Arizona's slayer statute, A.R.S. § 14-2803. (Doc. 35 at 7–8, ¶ 26) On November 15, 2019, Midland National filed proof of service of the Summons and

Amended Complaint on Laura Ann Fairbanks as Personal Representative of the Estate of Jason Charles Fairbanks (the "Personal Representative"), Deceased, showing service was completed on November 14, 2019. (Doc. 43) Following the Personal Representative's failure to timely answer the Amended Complaint, Midland National applied for entry of default against the Personal Representative and the Clerk of the Court entered default accordingly on December 17, 2019. (Doc. 45) As of the date of this Order, the Personal Representative has not appeared in this case nor filed any document with the Court. On April 16, 2020, the Court granted Midland National's Motion to Deposit its admitted liability in this matter (Doc. 49) and on May 11, 2020, Midland National deposited $999,638.00 with the Clerk of the Court (the "Policy Proceeds"). (Receipt #PHX219102)

## II.  Standard of Review

The Federal Interpleader statute, 28 U.S.C. § 1335, grants original jurisdiction to the Court of "any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a . . . policy of insurance . . . of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more" if

> [t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to

> the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a), (a)(1). It is well settled that the diversity of citizenship required by this statute is minimal, "that is, diversity of citizenship between two or more claimants, without regard to circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). "There are two steps to an interpleader action. The first is determining whether the requirements of interpleader have been met." *Hartford Life Ins. Co. v. Banks*, 2011 WL 3609396, * 5 (S.D. Cal. August 15, 2011) (citation omitted). "The second step is to 'adjudicat[e] the adverse claims of the defendant claimants.' " *Id.* (quoting *Western Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858 at * 5 (N.D. Cal. June 6, 2011) (citing *N.Y. Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983) ("Normally an interpleader action is concluded in two stages, the first determining that the requirements of [federal jurisdiction] are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants; this bifurcation is not mandatory, however, and the entire action may be disposed of at one time."). "Discharge [of an interpleader] is normally granted absent bad faith by the stakeholder." *Western Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858 at * 5 (citing *New York Life Ins.*, 700 F.2d at 96). A district court may delay or deny discharge of the stakeholder if there are "serious charges that the stakeholder commenced the action in bad faith." *Mendez v. Teachers Ins. & Annuity Assoc.*, 982 F.2d 783, 788 (2nd Cir.1992).

Furthermore, once a disinterested stakeholder/plaintiff has been dismissed and discharged, the Court has discretion to award its attorneys' fees and costs. *See Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). The "test for

determining attorneys' fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in . . . other contexts . . . ." *Liberty Life Assur. Co. of Boston v. Ramos*, 2012 WL 10184 at *4 (D. Ariz. Jan. 3, 2012) (quoting *Won v. England*, 2010 WL 597113 at * 7 (D. Haw. Feb. 18, 2010)). Several considerations justify awarding a stakeholder its attorneys' fees from the interpleader fund:

> It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because [it] is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claim and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings.

*Jennings*, 2011 WL 2609858 at * 6 (quoting 3A MOORE'S FEDERAL PRACTICE, at 22–171, 22–173). However, if "there is a contest between the interpleader and the interpleaded parties, either as to the correctness of the amount deposited or an interest of the interpleader in the fund, a district court may not, in the absence of special circumstances, award the interpleader its attorney's fees for the services of its attorneys in connection with such contest." *Liberty Life Assur. Co. of Boston*, 2012 WL 10184 at *3.

**III.   Analysis**

**A.  Subject Matter Jurisdiction and Personal Jurisdiction**

Before considering the merits of the Motion for Final Judgment, the Court considers whether it has subjection matter jurisdiction over this matter and personal jurisdiction over Laura Ann Fairbanks. As detailed below, the Court finds that it has such jurisdiction.

A party seeking to bring a federal interpleader action under Rule 22 must establish

statutory jurisdiction. *See Aetna Life Ins. Co. v. Bayonya*, 223 F.3d 1030, 1033 (9th Cir. 2000). Here, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335. First, Midland National commenced this civil action because it has possession of money with a value of more than $500.00—the Policy Proceeds of approximately $1,000,000.00. *See* 28 U.S.C. § 1335(a). Second, at least two of the adverse claimants have diverse citizenship—Niewenhous is a citizen of Ohio, Cullum is a citizen of Maryland, the Deceased was a resident of Arizona at the time of his death, and Laura Ann Fairbanks is a citizen of Vermont. *See* 28 U.S.C. § 1335(a)(1); *see also Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc.*, 901 F. Supp. 287, 289 (W.D. Ark. 1995) ("The Federal Interpleader Act provides an independent basis for federal jurisdiction when there is minimal diversity between the claimants, i.e., when at least two of the claimants are citizens of different states."); (Doc. 35 at 2–3, ¶¶ 2–4). Third, Midland National has deposited the at-issue funds into the registry of the Court. (Docs. 50, 51); 28 U.S.C. § 1335(a)(2). Therefore, the Court concludes that Midland National has satisfied the requirements of 28 U.S.C. § 1335. Furthermore, the Court also notes that it has subject matter jurisdiction over this case on another independent basis based on the diversity statute, 28 U.S.C. § 1332, because Midland National's citizenship is different from all of the Defendants' respective citizenship—Midland National is incorporated and has its principal place of business in Iowa, meaning it is a citizen of Iowa—none of the Defendants are citizens of the same jurisdiction—for purposes of 28 U.S.C. § 1332, Laura Ann Fairbanks as personal representative of the Deceased is a citizen of the same State as the Deceased, Arizona[2]—and the amount in controversy exceeds the statutory minimum of $75,000.00. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 2361, the nationwide service of process provision, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants . . . . Such district court shall hear and

---

[2] 28 U.S.C. § 1332(c)(2).

determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. The Personal Representative is a citizen of Arizona for purposes of 28 U.S.C. § 1332 and of Vermont for other statutes. Accordingly, the Court finds it has personal jurisdiction over her pursuant to its powers under 28 U.S.C. § 2361.

### B. Final Judgment on the Interpleader Action

Having decided to grant the Motion for Default Judgment against the Personal Representative—see Order concurrently filed—the Court now turns to Midland National's Agreed Motion for Final Judgment Order in Interpleader. (Doc. 54) With the Default Judgment against the Personal Representative, the only remaining parties whose position is relevant on the resolution of the interpleader action are Midland National, Niewenhous, and Cullum. Midland National alleges it has no claim or interest in the Policy proceeds besides having made a request for its attorneys' fees and costs incurred in bringing the interpleader action. Niewenhous and Cullum are the only beneficiaries of the Policy Proceeds who can claim an interest in the funds.[3] They are listed on the Policy as Contingent Co-Beneficiaries, each entitled to 50% of the Policy Proceeds. (Doc. 35-1 at 65)

Niewenhous and Cullum agree with the Motion for Final Judgment Order in Interpleader, including agreeing to the dismissal with prejudice of their counterclaim against Midland National and to Midland National's request for attorneys' fees and costs. (Doc. 54 at 2–3, ¶¶ 4, 10) Even if the parties agree to such award, the Court must review the requested amount and has discretion to deny the request. *See Abex Corp.*, 748 F.2d at

---

[3] Because the Court found that Default Judgment should be entered against the Personal Representative, she has lost her right to claim any interest to the Policy Proceeds. Accordingly, the Court's reading of the Policy is that the Contingent Beneficiaries are now entitled to the Policy proceeds as set forth in the Policy, meaning each to take 50% of the Policy Proceeds. (Doc. 35-1 at 65) However, the Agreed Motion for Final Judgment Order in Interpleader has not requested the Court to order disbursement of the Policy Proceeds to the Contingent Beneficiaries. It asks the Court to dismiss Midland national from the case, discharge Midland National from any and all liability, and award it attorneys' fees and costs incurred in bringing this interpleader action.

516; *Schirmer Stevedoring Co., Ltd.*, 306 F.2d at 194.

Reviewing the requested fees and costs of $5,000.00, the Court finds such amount to be reasonable. Additionally, Midland National has requested, and Niewenhous and Cullum agree, that such amount should be disbursed out of the Policy Proceeds which have been deposited with the Court. The Court finds that Midland National is indeed a disinterested stakeholder, acted in good faith in bringing this interpleader action because it had a good faith belief that several parties had competing claims to the Policy Proceeds, deposited the funds with the Clerk of the Court, and it actually performed a service to the Defendants by bringing the interpleader action, giving all three of them the opportunity to resolve their competing claims in one action. Accordingly, the Court finds that Midland National's request for $5,000.00 for its attorneys' fees and costs, to be drawn from the Policy Proceeds deposited with the Clerk of the Court, is proper and will award such amount.

With regards to the entry of Final Judgment on the interpleader action, the Court finds that Niewenhous and Cullum have agreed to dismiss all their counterclaims against Midland National with prejudice but nothing in the Agreed Motion or Proposed Order requests the distribution of any of the Policy Proceeds besides Midland National's request for attorneys' fees and costs. As discussed previously, it is obvious that with the Default Judgment against the Personal Representative, the only two remaining claimants to the Policy Proceeds are Niewenhous and Cullum. However, they have not requested the Court to order disbursement of the funds yet and it is not absolutely clear to the Court that they may not have any disagreement as to such disbursement. Accordingly, the Court will grant the Agreed Motion an dismiss Midland National from this action but will retain jurisdiction to entertain a motion by Niewenhous and Cullum requesting a disbursement of the Policy Proceeds, minus Midland National's attorneys' fees and costs, and setting forth the amount each of them claims respectively.

Accordingly,

**IT IS ORDERED** that Midland National's Agreed Motion for Final Judgment in

Interpleader (the "Motion for Final Judgment") (Doc. 54) is **granted in full**.

**IT IS FURTHER ORDERED** that:

1. Midland National Life Insurance Company, its successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors, and employees, are hereby released and discharged from any and all liability under the life insurance policy, Policy Number ******1655, insuring the life of Ann M. Niewenhous (aka Ann M. Fairbanks), or arising on account of the death of Ann M. Niewenhous (aka Ann M. Fairbanks), or the claims of either or both of the Defendants, Gus Niewenhous and Kelly Cullum, and all Defendants shall litigate their claims to the admitted liability without involving Midland National Life Insurance Company;

2. All Defendants, or any person or entity claiming through them, are preliminarily, permanently, and perpetually restrained and enjoined from filing or prosecuting any claim in any federal, state, or administrative court or other forum with respect to the proceeds of the life insurance policy, Policy Number ******1655, insuring the life of Ann M. Niewenhous (aka Ann M. Fairbanks), or arising on account of the death of Ann M. Niewenhous (aka Ann M. Fairbanks), or the claims of either or both of the Defendants, Gus Niewenhous and Kelly Cullum, except in the interpleader proceedings in the above-captioned matter, and this injunction is issued without bond or surety;

3. The Counterclaim of Defendants Niewenhous and Cullum against Midland National Life Insurance Company is hereby dismissed with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii);

4. By stipulation and agreement of all parties who have appeared before this Court, Midland National Life Insurance Company is awarded its reasonable attorneys' fees and costs in the amount of $5,000.00, to be paid from the $999,638.00 that Midland National Life Insurance Company deposited with the Clerk of the Court (Receipt # PHX219102). In accordance with 28 U.S.C. § 2042, the Clerk of the

Court is hereby ordered to issue a check in the amount of $5,000.00, payable to Midland National Life Insurance Company, mailing address: c/o Chittenden, Murday & Novotny LLC, 303 West Madison Street, Suite 1400, Chicago, IL 60606, to be paid from the $999,638.00 that Midland National deposited with the Clerk of the Court (Receipt # PHX219102);

5. Midland National Life Insurance Company is dismissed and excused from further attendance in this cause with an express finding of finality under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal or both.

6. the Clerk of the Court shall enter judgment accordingly and terminate this action as to Plaintiff Midland National Life Insurance Company only; and

7. the Court shall retain jurisdiction over this action for the purpose of considering a request by Defendants for disbursement of the remaining Policy Proceeds held by the Clerk of the Court.

Dated this 4th day of August, 2020.

Honorable Steven P. Logan
United States District Judge