IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midland National Life Insurance Company, ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  CV-19-02214-PHX-SPL |
| Plaintiff, | **AMENDED ORDER**[1] |
| vs. | |
| Gus Niewenhous, et al., | |
| Defendants. | |

Before the Court is Defendants Gus Niewenhous and Kelly Cullum's Motion for Release of Funds (Doc. 60). For the reasons set forth below, the Motion for Release of Funds will be granted.

## I.     Background

On April 4, 2019, Midland National Life Insurance Company ("Midland National") brought an interpleader action to resolve potential competing claims for payment of the death benefit under a life insurance policy, Policy Number ******1655 (the "Policy") (Doc. 1; Doc. 35 at 8–9, ¶¶ 9, 31–32). Midland National issued the Policy on the life of Ann M. Niewenhous (aka Ann M. Fairbanks) (the "Insured") with a Specified Amount of $1,000,000.00 (Doc. 35 at 4, ¶ 9). Jason Charles Fairbanks was the primary beneficiary, and the Insured's siblings, Gus Niewenhous and Kelley Cullum, were the co-equal contingent beneficiaries, each with a fifty percent (50%) share of the Policy proceeds (Doc.

---

[1] This order amends the August 27, 2020 Order (Doc. 61) to include the disbursement of accrued interest.

35 at 4, ¶¶ 10–11).

On August 4, 2020, this Court entered default judgment against Laura Ann Fairbanks as Personal Representative of the Estate of Jason Charles Fairbanks (the "Personal Representative"), thereby enjoining her from asserting any interest in the Policy Proceeds (Doc. 57). The Court further granted Midland National's Agreed Motion for Final Judgment in Interpleader, releasing and discharging Midland National from liability under the life insurance policy and awarding $5,000 from the proceeds in attorneys' fees and costs (Doc. 58).  Thus, the only remaining parties with an interest in the Policy Proceeds are Cullum and Niewenhous (Doc 58 fn. 3).

**III.    Motion for Release of Funds**

On August 4, 2020, Niewenhous and Cullum filed a Motion for Release of Funds (Doc. 60). In the Motion, Niewenhous and Cullum request that this Court "release to Defendants Gus Niewenhous and Kelly Cullum the balance of the funds held by the Court in this interpleader action" (Doc 60 at 2). Because this Court previously found that Cullum and Niewenhous were each entitled to 50% of the remaining Policy Proceeds and agreed to grant a disbursement upon request, and because Cullum and Niewenhous have now requested the disbursement, this Court will grant the motion.

Accordingly,

**IT IS ORDERED** that the Motion for Release of Funds to Defendants Gus Niewenhous and Kelly Cullum (Doc. 60) is **granted**. The funds previously deposited with the Clerk of Court shall be disbursed as follows:

(A)    $497,319 shall be disbursed to Defendant Gus Niewenhous;

(B)    $497,319 shall be disbursed to Defendant Kelley Cullum; and

(C)    Any interest accrued shall be disbursed 50% to Defendant Gus Niewenhous and 50% to Defendant Kelley Cullum.

///

///

///

2

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

2    Dated this 27th day of August, 2020.

3

4                                                    _____

5                                                    Honorable Steven P. Logan
                                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   cc: Finance

3